IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DONALD WAYNE SHIPE,** | ) | Civil Action No. 7:09-cv-00454 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **TRACY S. RAY,** | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | United States District Judge |

Presently before the court is pro se petitioner Donald Wayne Shipe's second motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b), of the order dismissing his petition for a writ of habeas corpus approximately five years ago.[1] Shipe asks the court to reconsider his petition in light of newly-discovered evidence and in the interests of justice. Specifically, Shipe argues that documents related to the prosecution of Commonwealth witness William Lindamood prove that Lindamood committed perjury by denying he had received a "deal" from the prosecution in exchange for testifying against Shipe.[2] Because it is untimely, fails to present an exceptional or extraordinary circumstance, and would unfairly prejudice Respondent, Shipe's motion for reconsideration is denied.

"[B]efore a party may seek relief under Rule 60(b), a party must first show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.

---

[1] The court denied Shipe's first motion for reconsideration, which was filed within six months of the dismissal order. The court notes that Shipe has never filed an appeal in this case. See In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal.").

[2] Lindamood had an outstanding charge for driving after being declared a habitual offender, in violation of Virginia Code § 46.2-357, during the pendency of Shipe's criminal proceedings. Lindamood was incarcerated with Shipe after his arrest and testified that Shipe had said he and the victim had gotten into an argument and that Shipe said, "I will shoot you, bitch," and then shot the victim. Mem. Op., Sept. 28, 2010 (ECF No. 15), at 14. Lindamood admitted to the jury that he was a felon. Id. at 7.

1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)).  A Rule 60(b) motion is timely when "filed within a reasonable time" or, if based on newly discovered evidence, within one year of the order or judgment being challenged.  Fed. R. Civ. P. 60(c)(1).  If the motion is timely filed, Rule 60(b) authorizes a district court to grant relief from a final judgment for several specific reasons or for "any other reason" that constitutes "extraordinary circumstances."  Fed. R. Civ. P. 60(b); see Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11, 864 (1988).  One of the specific reasons includes "newly discovered evidence that, even with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"  Fed. R. Civ. P. 60(b)(2).

Shipe's motion was not timely filed.  Shipe argues that the following documents are "newly discovered evidence" establishing that Lindamood testified falsely during Shipe's trial: 1) the Commonwealth's Attorney letter to Shipe's counsel dated April 21, 2005, disclosing the relationship between Lindamood's pending criminal charge and Lindamood's participation in Shipe's prosecution; 2) Lindamood's hand-written plea agreement; 3) a "continuance order" entered in Lindamood's criminal case on August 26, 2004, along with a "docket sheet"; and 4) a certified copy of a document titled, "Pre-Trial Release Conditions," entered in Lindamood's criminal case on August 26, 2004, that required Lindamood to appear as a witness during Shipe's trial as a special condition of pre-trial release.  However, the first three documents are not newly discovered evidence because Shipe had attached those documents in support of the habeas petition or first motion for reconsideration, all of which were filed at least four years before the instant motion.  As for the fourth document, it was a public record on August 26, 2004, which was nearly two years before Shipe's trial in June 2006.

Because none of the documents constitute newly discovered evidence, the one-year limitations period applicable to newly discovered evidence does not apply. Instead, Shipe had to file these claims within a "reasonable amount of time," which he did not do. The documents are approximately ten years old, and the court cannot find that such a delay is "reasonable." Accordingly, Shipe's motion is untimely filed.

Furthermore, Shipe fails to establish that exceptional or extraordinary circumstances warrant reopening this action or that reopening this action would not result in unfair prejudice to Respondent. The "overwhelming evidence" of Shipe's guilt to first-degree murder and use of a firearm in the commission of a felony has already been described by the court:

> According to the evidence at trial, Shipe and the victim argued at Shipe's house with the victim's son present. The victim directed her ten-year-old son to go to the neighbor's house and call the police. When the boy returned, he saw Shipe run from the house, jump in his car, and drive off. When the boy entered the house, he found his mother had been shot twice in the head. A doctor later testified that the first wound, which entered through her chin and continued through to the roof of her mouth, was a "distant range wound," meaning the gun had been shot from a distance. The second wound, which entered her head just above her left ear and continued through her brain, was a "contact range wound," meaning the gun had made contact with the victim's head when the gun was fired. After being transported to the hospital and undergoing emergency surgery, the victim ultimately died as a result of the gun shot wounds.
>
> After fleeing his residence with the gun, Shipe threw the gun into a river and drove to his sister's house in West Virginia, where he was ultimately apprehended. An investigator testified that upon tracking down and approaching Shipe in West Virginia, Shipe exited his car and said, "I give up." When asked about the weapon, he told the investigator, "You don't have to worry about that. It has been take care of." The investigator also testified that Shipe later told the police that he threw the gun into a river or creek.

Mem. Op., Sept. 28, 2010 (ECF No. 15), at 1-2 n.1.

Moreover, the facts about Lindamood's behavior on bond and his role as a witness were presented to the jury, and the jury resolved any dispute between Shipe's and Lindamood's

credibility after hearing all of the facts of the case. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not re-determine the credibility of witnesses).

> [T]he Supreme Court of Virginia held that the record demonstrated that "Lindamood testified that he received no benefit for his testimony and [Shipe provided] no evidence that this testimony was false." Further, the court found that "counsel presented impeachment evidence by questioning witnesses that had supervised Lindamood while he was out on bond. These witnesses established that Lindamood repeatedly tested positive for drug use and remained out on bond despite numerous requests that his bond be revoked, and that Lindamood had said he was being protected because he was a 'key' witness for the Commonwealth." Based on the foregoing, the state court determined that Shipe had failed to demonstrate that counsel's performance was deficient or that, but for counsel's alleged errors, the outcome of the proceeding would have been different.
>
> Shipe presents a copy of a hand-written plea agreement wherein Lindamood agreed to plead guilty to driving after being declared a habitual offender, second or subsequent offense, and to serve 12 months of active jail time on the offense. Shipe apparently believes that this plea agreement demonstrates that Lindamood received a benefit for his testimony at Shipe's trial. However, nowhere in the agreement does Lindamood agree to testify in Shipe's trial and nowhere in the agreement does it indicate that Lindamood received favorable treatment for anything other than his agreement to forgo his own trial. Shipe points to no other "benefit" that Lindamood received as a result of his testimony at Shipe's trial other than that revealed by counsel's cross-examination. Bald, conclusory allegations are not sufficient to support a claim for habeas relief. Without any evidence demonstrating that Lindamood's testimony was false, trial counsel had no grounds to move for mistrial. Accordingly, this court finds that the state court's adjudication was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

Id. at 14-15 (internal citations omitted and emphasis added).

As is the case here, a Rule 60(b) motion should be denied when the movant attempts to relitigate the merits of a claim and the allegations are unsubstantiated. See, e.g., Mastini v. American Tel. & Tel. Co., 369 F.2d 378, 379 (2d Cir. 1966); see also Dowell, 993 F.2d at 48 (recognizing that a Rule 60(b)(6) motion should be denied if the same argument could have been addressed on appeal but was not (citing Ackermann v. United States, 340 U.S. 193, 200 (1950))). Shipe does not timely present "newly discovered evidence" or any valid basis to warrant

vacating the dismissal order.  Cf. Schlup v. Delo, 513 U.S. 298, 324-29 (1995).  Accordingly, Shipe's second motion for reconsideration is denied because it is untimely, does not present exceptional or extraordinary circumstances, and would unfairly prejudice Respondent.

    Entered:  October 27, 2015

    /s/ Michael F. Urbanski

    Michael F. Urbanski
    United States District Judge